IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NORTH VALLEY GI MEDICAL GROUP, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PRUDENTIAL INVESTMENTS LLC, <br><br> Defendant. | Case No. 1:15-cv-03268-JKB |

**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, Prudential Investments LLC ("PI"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(6), moves to dismiss Plaintiffs' Complaint for failure to state a claim upon which relief can be granted. The grounds for this motion are as follows:

1.   Plaintiffs, alleged to be shareholders of six mutual funds (the "Funds"), contend that the Funds' investment adviser, PI, breached a fiduciary duty imposed by Section 36(b) of the Investment Company Act of 1940, codified at 15 U.S.C. § 80a-35(b) ("ICA"), by charging the Funds "excessive" advisory fees.

2.   Under controlling Supreme Court precedent, to state a claim under Section 36(b) of the ICA, Plaintiffs must allege that PI charged "a fee that is so disproportionately large that it bears no reasonable relationship to the services rendered and could not have been the product of arm's-length bargaining."[1]  Plaintiffs fall far short of this standard for a number of independent reasons.

---

[1]   *Jones v. Harris Assocs. L.P.*, 559 U.S. 335, 346 (2010).

3.     First and foremost, Plaintiffs plead no facts at all about the fees paid by comparable mutual funds and, thus, fail to establish the bargaining range outside which PI's fees can be deemed excessive. The Complaint fails for this reason alone.

4.     Next, Plaintiffs cannot state a claim under Section 36(b) by challenging PI's "manager of managers" structure.[2] As a matter of law, Plaintiffs cannot circumvent the Supreme Court's standard for pleading a viable Section 36(b) claim by attacking the widely used, SEC-approved management structure that PI has employed to generate the Funds' above-average performance. In any event, Plaintiffs' allegations on this point are demonstrably false, as proven by the Complaint and the publicly-available documents referenced therein.

5.     Further, the Supreme Court has mandated that the informed business judgment reached by the Funds' Independent Trustees to approve PI's fees be given "considerable weight."[3] Plaintiffs have not alleged any well-pled facts to overturn the Independent Trustees' business judgment.

6.     Additional grounds for this motion are set forth in the accompanying memorandum of law, which is incorporated herein.

---

[2] *See, e.g.*, Compl. ¶¶ 3, 44, 54.
[3] *Jones I*, 559 U.S. at 351.

WHEREFORE, PI requests that Plaintiffs' Complaint be dismissed with prejudice.

Dated: January 29, 2016

Respectfully submitted,

/s/
**KRAMON & GRAHAM, P.A.**
Geoffrey H. Genth, Bar No. 08735
William J. Harrington, Bar No. 03863
One South Street, Suite 2600
Baltimore, MD 21202
ggenth@kg-law.com
wharrington@kg-law.com
Tel.: (410) 752-6030
Fax: (410) 539-1269

**DECHERT LLP**
Matthew L. Larrabee (admitted *pro hac vice*)
David A. Kotler (admitted *pro hac vice*)
Deborah Kemi Martin (admitted *pro hac vice*)
Catherine V. Wigglesworth (admitted *pro hac vice*)
1095 Avenue of the Americas
New York, NY 10036-6797
matthew.larrabee@dechert.com
david.kotler@dechert.com
deborahkemi.martin@dechert.com
catherine.wigglesworth@dechert.com
Tel.: (212) 698-3500
Fax: (212) 698-3599

*Attorneys for Defendant Prudential Investments LLC*