IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **NORTH VALLEY GI MEDICAL GROUP, et al.** | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-15-3268 |
| **PRUDENTIAL INVESTMENTS, LLC** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## SUPPLEMENTAL MEMORANDUM

On August 23, 2016, the Court issued a Memorandum and Order (ECF No. 42) wherein it denied the Defendant's motion to dismiss, granted the Defendant's motion to strike the jury demand, denied the Plaintiff's motion for leave to file a surreply, and directed the Defendant to answer the Complaint within the time permitted under the Federal Rules of Civil Procedure. The Court now amends and supplements the earlier Memorandum that explained its ruling.

Near the beginning of the Memorandum and Order (ECF No. 42), there appears the following paragraph:

> Before addressing the merits of Defendant's motion to dismiss, the Court cautions both parties to observe certain rules as to the format of motion papers. First, the parties' motion papers employed a method of citation of authorities that is not only incompatible with the rules but also a hindrance to the Court's consideration of the parties' respective arguments. For documents filed in this Court, the Local Rules neither permit nor require the citation of authorities in footnotes, as opposed to incorporating them into the text of documents. *See The Bluebook: A Uniform System of Citation* R. B1.1, at 3 (Columbia Law Review Ass'n *et al.* eds., 20th ed. 2015) ("In non-academic legal documents, such as briefs and opinions, citations generally appear within the text of the

>document immediately following the propositions they support. Footnotes should only be used in non-academic legal documents when permitted or required by local court rules."). Second, the former rule requiring attachment to motion papers of unpublished case opinions has been omitted from recent iterations of the Local Rules. A citation to either Westlaw or LEXIS suffices for unpublished opinions. Counsel should familiarize themselves with these rules. Future noncompliant filings will be stricken without prior notice.

The Court now enters this supplement which deletes that paragraph, and, in its place, substitutes the following:

>Before addressing the merits of Defendant's motion to dismiss, the Court cautions the parties to observe certain conventions as to the format of motion papers. First, the Defendant's motion papers[*] employed a method of citation of authorities that hinders the Court's consideration of its arguments. While the Local Rules are silent on the question, the undersigned directs counsel in their future submissions to incorporate their citations into the text of their documents and not to place them in footnotes. *See The Bluebook: A Uniform System of Citation* R. B1.1, at 3 (Columbia Law Review Ass'n., *et al.* eds., 20th ed. 2015) ("In non-academic legal documents, such as briefs and opinions, citations generally appear within the text of the document immediately following the propositions they support. Footnotes should only be used in non-academic legal documents when permitted or required by local court rules."). Footnotes serving other purposes are of course permitted. But citations of authority in support of propositions in the text should themselves appear in the text. Second, the former rule requiring attachment to motion papers of unpublished case opinions has been omitted from recent iterations of the Local Rules. A citation to either Westlaw or LEXIS suffices for unpublished opinions.
>
>>* Plaintiffs followed the citation convention favored by the Court in their response (ECF No. 35), but adopted Defendant's citation method in their proposed surreply, which was not accepted for filing (ECF Nos. 40-2, 42).

The relevant portion of the Court's unpublished Memorandum and Order (ECF No. 42) was inartfully drafted, and it could be read to hold that the Local Rules forbid the citation of authorities in footnotes. They do not. Further, while the Bluebook certainly sets out many

"rules," those provisions are not incorporated into this Court's Local Rules.  Nonetheless, the undersigned endorses the specific convention outlined in *The Bluebook* in Rule B1.1 regarding citations in footnotes.

The impact of any point or argument made in a brief to this Court is a function of not just the strength of that argument *but also the legal authority supporting it*.  In reading a brief, the Court evaluates an argument and its supporting authority almost simultaneously, and after considering both, arrives at a conclusion about the true power of the point.  Accordingly, that blended process is assisted by the appearance of the authority immediately after the proposition asserted, *i.e.*, in the text.  Trial courts in particular must focus on both the proposition *and the authority* before ascribing weight to an argument.  This process is hindered when the authority is tucked below in a footnote rather than placed front and center in the text.

Finally, the Court regrets the last sentence of the paragraph that is now deleted via this amendment and supplement.  That sentence was intemperate.

DATED this 28th day of October, 2016.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge